JAMES v. THE GOVERNOR FOR THE USE &c.

1. In a proceeding by motion against a tax collector, under the first section of the act of 1822. "For the regulation of assessors and collectors, so far as it relates to the payment of money," the measure of the recovery, is the amount of the county tax due and unpaid, together with fifteen *per centum* as damages on the amount, without interest.

This was a summary proceeding by motion in the County Court of Madison, to recover of the plaintiff in error, as a tax collector of that county, for a failure to collect and pay over the county taxes for the year eighteen hundred and thirty-six. The court rendered a judgment against the plaintiff for the amount of the taxes unaccounted for, with fifteen *per cent.* damages and interest.

The only question here raised, is whether the judgment of the county court, so far as it subjects the plaintiff to the payment of interest, is not erroneous.

HOPKINS, for the plaintiff.
McCLUNG, contra.

COLLIER, C. J.—This proceeding is founded upon the first section of the act of 1822, "For the regulation of assessors and collectors, so far as it relates to the payment of money." [Aik. Dig. 423.] That section is in these words; "If any collector of taxes in this State, shall fail to collect and pay over the county tax, within the time prescribed by law, it shall be the duty of the judge of the county court, to hold a special court to try such delinquent collector: and if it shall appear that he has so failed to collect or pay over such county tax, it shall be the duty of the judge, on motion of the county treasurer, to enter up judgment against such collector, and his security or securities in office, for the amount of said county tax so due and unpaid, together with fifteen *per centum* as damages on the amount: *Provided,*

*however,* That ten days notice at least, shall be given to such delinquent collector, and his security or securities."

This act is not merely remedial, but it is penal in its terms. The proceeding which it authorizes, is not to be protracted according to the ordinary course of procedure at law, but the party supposed to be in default, is subjected to a judgment upon ten days notice; and that justice may not be delayed in its course, it is made the duty of the judge to hold a special court to try the delinquent. Such being the character of the statute, it must receive a strict interpretation, and cannot be extended by construction, to impose a greater liability than the Legislature have *expressly* provided. Taking this rule as our guide, we can discover no warrant in the act, for rendering a judgment against the plaintiff for interest, upon the amount for which he was in default. The decisions of this court, and the general current of authority, where the construction of statutes inflicting a penalty, or authorizing a summary proceeding, have been drawn in question, are adverse to it, and fully establish its incorrectness.

Had an action been prosecuted on the bond, the measure of the recovery would have been the amount of the plaintiff's default, with interest thereon, but the law would, under no form of proceeding, authorize the recovery both of interest and fifteen *per cent.* damages.

In the *present case* the damages are not an *equivalent* for the interest, but this will not prove that the statute is not penal in its character. If the motion had been made against the plaintiff, immediately after his default occurred, the damages would have operated as a penalty. The law doubtless contemplates, that the county treasurer will be prompt to proceed in such case, and his delay cannot change the character of the statute.

It results from what we have said, that the judgment of the county court is erroneous, and it is consequently reversed; and nothing appearing in the record to authorise the rendition of a judgment here, the case is remanded.