174 So. 799

### GRACE v. WOOLEY, Sheriff, et al.

### 7 Div. 278.

Court of Appeals of Alabama.

March 16, 1937.

Rehearing Denied May 6, 1937.

M. B. Grace, of Birmingham, in pro. per.

Paul O. Luck, of Columbiana, for appellees.

SAMFORD, Judge.

This is the second appeal in this case. Grace v. Wooley, et al., 26 Ala.App. 83; 153 So. 659, 660. In that case, this court settled all of the questions involved except the amount due the movant, and made the following ruling: "The judgment, therefore, to be rendered in this case is for $167. On this amount the defendant is entitled to a credit for his own costs as fixed by law and a reasonable sum for his expense in taking care of the property, which would include a reasonable storage charge. To the amount thus ascertained is to be added 5 per cent. per month damages from the date of demand for payment on, to wit, December 17, 1932."

■ This cause was then reversed to be tried on the issues as indicated, and the circuit court on this trial correctly held the issues to be as hereinabove stated. On the trial of the motion, the movant undertook to amend the motion by claiming interest on the amount found to be due, in addition to the penalty. And this part of the movant's claim was stricken on motion of the defendant. This action of the court was free from error. If a statute prescribes a penalty for default, and if the penalty is recovered, there cannot be a recovery of interest in addition thereto. Code 1923, § 10232; James v. Governor, 1 Ala. 605.

■■ By a long line of decisions in this State, it is held that when a witness testified on a former trial to a material fact,

and on a subsequent trial testified differently to the same material facts, upon proper predicate being laid, the testimony of the witness on the former trial may be introduced in evidence to impeach or contradict the said witness. Corona Coal & Iron Co. v. Callahan, 202 Ala. 649, 81 So. 591. But where there is no material inconsistency in the testimony of the witness, the introduction of such written testimony, on a former trial, would be useless. And, therefore, its admission would not be allowed. Lester v. Jacobs, 212 Ala. 614, 103 So. 682.

In the instant case, the principal item in controversy was the storage of an automobile from the time of the levy of attachment writ, to the time of final sale by the sheriff. On this trial, the witness Haynes testified to the length of time the automobile in question was in storage at the instance of the sheriff, fixing the time of storage at approximately ten months, and testified that the reasonable storage charge was $10 per month. On former trial, he testified that the time of storage was about three months. This, of course, did constitute a contradiction of his testimony on a material point. But such contradiction could only have gone to impeachment of his testimony, and would not be taken as testimony that the storage period was only three months. Other witnesses fixed the period of storage at ten months, and plaintiff offered no affirmative evidence that the period was less. Therefore, even if the rulings of the court on the admission of this testimony of Haynes was error, it was without injury.

Moreover, there was introduced a transcript of the testimony of O. K. Haynes, as set out in nine pages of the transcript, most of which was illegal, irrelevant, and immaterial to the issues here being tried. If a witness is to be impeached by showing contradictory statements made at different times, the predicate must be definite and the evidence contradicting the statements must be different. A party will not be allowed to introduce a mass of irrelevant and immaterial matter, that from such testimony there may be picked out a contradiction, if one exists.

The movant, after the exclusion of the testimony of Haynes, moved the court to adjourn the trial that he might have an opportunity of summoning as a witness a man by the name of Holcomb. This, of course, was within the discretion of the court, and under the facts in this case, this court cannot say that the trial court abused such discretion.

The issues in this case, on this trial, are very simple, as was pointed out by this Court on former appeal. There is a perfect mass of testimony with objections and exceptions, ad infinitum. And while there may be some technical errors in the rulings of the court, as we read this record there is no such error as would justify a reversal.

The judgment is affirmed.

Affirmed.