2 So.2d 324

**GREEN v. STATE.**

**7 Div. 575.**

Court of Appeals of Alabama.

Feb. 18, 1941.

Rehearing Denied March 18, 1941.

, E. L. Roberts and Motley & Motley, all of Gadsden, for appellant.

Thos. S. Lawson, Atty. Gen., and Francis M. Kohn, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

From a judgment of conviction, in the lower court, for the offense of violating

the state prohibition law, by having in possession prohibited liquors, this appeal was taken.

The principal insistence of error, to effect a reversal in this case, is that the evidence adduced upon the trial, as to this appellant, was insufficient upon which to base the judgment of conviction appealed from.

■ We find from the evidence that the corpus delicti was proven without dispute or conflict. In this connection, it is shown by the evidence, that on the day in question, this appellant and his wife, got in the car with one Van Allen, who owned the car, and rode with him to Gadsden and at the whiskey store in Gadsden, a large quantity of whiskey, beer and wine, was put in the car, secreted in the back thereof. There was direct testimony tending to show that the wife of this appellant, and the said Allen, put the above mentioned intoxicating liquors in the car in Gadsden. From Gadsden this appellant, his wife and Allen, went to Collinsville, and from there to Fort Payne, in DeKalb County, where the car was apprehended and the said three occupants were arrested charged with the offense of violating the state prohibition law, the affidavit or complaint contained numerous alternate averments, but the conviction of appellant was rested upon the charge, as stated hereinabove. The automobile was a new one seated Ford, and the three occupants were sitting upon the only seat the car contained. The testimony disclosed that they thus rode in the car for some two or three hours with this large quantity of whiskey, and beer and some wine underneath or to the rear of the seat upon which these three persons were sitting.

Several points of decision on this appeal, are based upon certain exceptions reserved to the court's rulings upon the admission of testimony. In the main, the testimony allowed by the court, to which exceptions were reserved, related to the res gestae, this being true no error appears in the rulings of the court in this connection.

■ The offense of unlawfully possessing prohibited liquors is a continuing one; and is susceptible of a joint commission by two or more persons.

■ The trial below was had before the court without a jury. The evidence in this case was in conflict, therefore presented a question of fact for the court to decide. As stated, the evidence without dispute or conflict showed conclusively that this appellant, his wife, and Van Allen, rode in the one seat car for many miles into an adjoining county in which it was unlawful to be in possession of whiskey, beer and wine, and when the car was stopped by the officers of the law, and searched, there was found in the car a full case of whiskey, several loose pints of whiskey, and other prohibited liquors. There was testimony that the whiskey in the car belonged to this appellant, although at the trial the appellant and also his wife testified that the whiskey did not belong to appellant; and the appellant further testified he did not know the whiskey was in the car until the car was stopped and searched and the whiskey, etc. was found therein. The probative force of the testimony of defendant, to the effect he had ridden in this small car for several hours, and for many miles, and yet had no knowledge whatever as to the prohibited liquors being in the car, was a question for the trial court, and this question was determined adversely to defendant.

With all the witnesses appearing before the trial court, thus affording the court an opportunity to see the witnesses, and to observe their demeanor on the stand, and their manner of giving their testimony, we are unable and without authority to say in this opinion that the court was in error in the conclusion reached. To the contrary, we are of the opinion there was ample evidence to sustain the court in adjudging the defendant guilty of the charge against him.

■ The testimony of witnesses to the effect that at the time of the arrest of appellant he had been drinking and that they could smell whiskey on his breath, and that at the time he staggered a little, was properly allowed as being of the res gestae. Cummings et als. v. State, 26 Ala.App., 131, 132, 154 So. 609.

In our case of Dotson v. State, 24 Ala. App. 216, 135 So. 159, 160, this court said: "This case presented a question of fact for the jury to determine from the evidence. Appellant testified in his own behalf, and while he admitted he was traveling in the car with Wilson and that the whisky described by the state witnesses was in the car at that time, yet he strenuously insisted he had no connection therewith and that the whisky was being transported by the other man."

The ruling of the trial court on the purported motion for a new trial is not presented for review. No exception appears in the bill of exceptions on this question, as the law requires. An exception to the ruling of the court appearing in the record proper only will not suffice. Section 6088, Code 1923, Code 1940, Tit. 7, § 764. See, also, innumerable cases cited in Shepard's Alabama Citations, Vol. 4 (1928–1935) on p. 356 (6088).

We find no reversible error in any ruling of the court, and, as the record proper is regular in all respects, the judgment of conviction from which this appeal was taken, must be, and is affirmed.

Affirmed.