87 So.2d 863

**Edd HAMM**

v.

**STATE.**

4 Div. 300.

Court of Appeals of Alabama.

Jan. 31, 1956.

Rehearing Denied Feb. 21, 1956.

BONE, Judge.

The appellant was convicted in the Circuit Court of Coffee County, Alabama, for the offense of carnal knowledge of a girl over the age of 12 and under the age of 16 years and sentenced to two years in the state penitentiary. A motion for new trial was denied. From said judgment and sentence this appeal is prosecuted.

The injured party, a girl 13 years of·age, was the only witness for the State. She testified that she was born on June 25, 1941, and that she was the stepdaughter of the appellant. Her testimony tends to show that on the morning of June 28 or 29, 1954, while her mother was at work, the appellant called her into his bedroom, fastened the door, and told her to take her clothes off and get into bed. She further testified that after feeling of her body the appellant had intercourse with her for approximately 15 to 30 minutes. She testified that after the act he questioned her about whether she had started having "periods" or not, whether she let any boys "touch her in that way or not", and told her that if she told her mother he would "beat the daylights out of her."

She further testified that she did not make a complaint to her mother or to anyone until the 13th day of August, 1954.

The appellant denied the act complained of and stated he did not know whether he was at home on June 28 and June 29 or not. He testified that he worked as a taxi driver in Columbus, Georgia, and spent considerable time away from home.

The appellant contends that the judgment of the lower court should be reversed and a new trial granted for a

J. C. Fleming, Elba, for appellant.

John Patterson, Atty. Gen., and Owen Bridges, Asst. Atty. Gen., for the State.

number of reasons. The only ones that merit discussion will be listed below. We have carefully studied the rulings of the trial court, and it is elementary that where the trial court rules favorably to the appellant, then he cannot complain here.

The appellant on motion for a new trial stated that he was prevented from making his defense because he was not apprized of the date of the alleged offense. He also stated that he was not in Enterprise on the dates of the alleged offense and would testify to that effect if a new trial were granted. He also attached to the motion an affidavit from two people stating that he was in Phenix City, Alabama, and Columbus, Georgia, on those dates.

 We regard this contention as without merit. Movant, for his motion to prevail, must show that the proffered evidence could not have been discovered before the trial by the use of due diligence, that it was material and competent, not merely cumulative, and will probably change the result. O'Pryor v. State, 237 Ala. 13, 185 So. 374; Thomas v. State, 231 Ala. 606, 165 So. 833.

The granting of such a motion is addressed to the sound discretion of the trial court and will not be revised on appeal unless it clearly appears that such discretion has been abused, which we cannot here affirm. Maund v. State, 254 Ala. 452, 48 So.2d 553; Slaughter v. State, 237 Ala. 26, 185 So. 373.

It should be noted further that the appellant was indicted on the 17th day of August, 1954, and was not tried until the 2nd of May, 1955. Most of this time he was out of jail on bond and was represented by very able counsel. The requirements of the rule have not been met.

The appellant further contends that written charge 1 should have been given as requested. This charge is as follows:

"1. If the jury does not believe the witness, Shirley Spivey, the defendant cannot be convicted."

This charge is affirmative in nature and invades the province of the jury.

Moreover, the oral charge of the court covered the law as to credibility of witnesses. Nelson v. State, 35 Ala.App. 1, 46 So.2d 231; Jackson v. State, 136 Ala. 22, 34 So. 188; Osborn v. State, 125 Ala. 106, 27 So. 758; Mills v. State, 1 Ala.App. 76, 55 So. 331.

We have searched the record, as we are required by law to do, and find no reversible error. The case stands affirmed in all things.

Affirmed.