CARRIE MUZZALL

*v.*

STATE OF TENNESSEE

(*Jackson,* April Term, 1956)

Opinion filed April 27, 1956.

AARON C. BROWN, Paris, for plaintiff in error.

NAT TIPTON, Advocate General, for the State, defendant in error.

Mr. Justice Prewitt delivered the opinion of the Court.

The defendant below Carrie Muzzall was convicted of the unlawful possession of whiskey with punishment fixed at a fine of $250 and a 90-day jail sentence.

The proof shows that the defendant was the operator of a tourist court near Paris. Sometime before the offense here involved the present offense being in August, 1955, her place was raided and whiskey found there as a result, and she was sentenced to a term in the county jail.

The 1955 charge, which is the present case, officers again raided this place, and found 379 half pints of liquor. Seven cases of this whiskey were found beneath the trap door in the basement of one of her cabins. Captain Robison of the Highway patrol testified that after the present raid he went to a cafe nearby, and when the telephone rang, he answered it and the person identified herself as the defendant. Without giving his name the officer testified that her place had just been raided and a large quantity of whiskey had been seized, and she replied that she was ruined again.

The defendant testified and claimed that the whiskey that was found beneath the trap door was in that location at the time of the previous raid, but was not found by the officers, and she relies upon her previous conviction as a defense to this prosecution. She denies the telephone conversation with the highway patrolman.

We are of the opinion that the contention of former conviction is without merit. The possession of whiskey by one is a continuing offense, and where a raid was made and only a part of the whiskey discovered, a conviction does not bar a conviction for the subsequent possession of the whiskey which was undiscovered.

If the insistence of the defendant is correct it will result in the fact that the defendant might lawfully possess such intoxicants as were not found upon the first occasion. If her contention is correct, the officers did not find all the whiskey that she then had stored upon the property following the first raid she would still be possessing the whiskey unlawfully.

We have been cited to only one case, *Green v. State,* 30 Ala. App. 94, 2 So.2d 324. That case simply holds that the possession of intoxicating liquors is a continuing offense.

We think our own case of *Ambrester v. State,* 172 Tenn. 144, 110 S.W.2d 332, sheds some light on the present situation. The Court in that case refused to return to the petitioner his whiskey which had been unlawfully seized because to have done so would have resulted in his possession being in violation of law.

For us to hold that the prosecution of this undiscovered whiskey is barred by her former conviction for the possession of a portion of it, and this would result in a situation where she might lawfully possess this undiscovered whiskey because prosecution would be barred by her previous conviction.

The unlawful possession of this whiskey continued after her first offense, and we hold that her former conviction was not a bar to the present indictment. Affirmed.