87 So.2d 865

**Edd HAMM**

v.

**STATE.**

**4 Div. 876.**

Supreme Court of Alabama.

May 24, 1956.

J. C. Fleming, Elba, for petitioner.

John Patterson, Atty. Gen., and Owen Bridges, Asst. Atty. Gen., opposed.

LAWSON, Justice.

Edd Hamm was convicted in the circuit court of Coffee County, Enterprise Division, of having carnal knowledge of a girl

over twelve but under sixteen years of age. § 399, Title 14, Code 1940. The judgment of conviction was affirmed by the Court of Appeals.

We issued writ of certiorari on petition filed here by Hamm which presents for our consideration the one question as to whether or not the Court of Appeals was in error in holding that the trial court correctly refused to give the defendant's requested written Charge No. 1, which reads: "If the jury does not believe the witness Shirley Spivey the defendant cannot be convicted."

As we are authorized to do, we have examined the record and have determined that Shirley Spivey, the person referred to in the charge, was the only witness who testified for the State and that the defendant alone testified in his behalf. Cranford v. National Surety Corp., 231 Ala. 636, 166 So. 721; Brown v. State, 249 Ala. 5, 31 So. 2d 681.

Hamm contends that since the State's case depended upon the testimony of Shirley Spivey it was error for the trial court to refuse the charge in question. The case relied upon by the petitioner, Hamm, is that of Duke v. State, 23 Ala.App. 29, 119 So. 864, wherein it was held as follows:

"The state's case depended upon the testimony of one Sam Duke, and without this testimony the defendant would have been entitled to the general charge. On the trial the defendant requested this charge: 'If the guilt of the defendant depends upon the testimony of the State witness, Sam Duke; and you have a reasonable doubt of the truthfulness of this witness's testimony, then you should find the defendant not guilty.' In this case this was a good charge and should have been given. In Baxley v. State, 18 Ala.App. 277–279, 90 So. 434, it was pointed out when this charge should be given and when not. Ex parte Baxley, 206 Ala. 698, 90 So. 925.

"For the error in refusing the above charge, the judgment is reversed and the cause is remanded."

The Court of Appeals has several other cases to like effect. Among them is the case of Alexander v. State, 21 Ala.App. 497, 109 So. 528, wherein the defendant, Alexander, was convicted of the offense of having carnal knowledge of a girl over twelve and under sixteen years of age. The Court of Appeals reversed the conviction because of the failure of the trial court to give this charge: " 'The court charges the jury that if the conviction of the defendant depends upon the evidence of Freda Mae Kemp, and you cannot say whether her evidence was given under duress or fear of punishment, so that you cannot say beyond a reasonable doubt after considering all the evidence that her evidence is true, then you must find the defendant not guilty.' "

Charge No. 1 here under consideration differs from the charges considered in the cases referred to above in several respects, one of which is that it is clearly a charge upon the effect of the evidence in that it limits the jury's consideration to the State's evidence, whereas the charges considered in the cases cited above are hypothesized upon a finding by the jury from the evidence that the conviction of the defendant depends upon the evidence of a single witness for the State.

█ In the opinion here under review the Court of Appeals has indicated that "the appellant denies the act complained of." But the opinion does not show that when the testimony of the defendant is considered in its entirety it does not tend in some respects to corroborate and strengthen the State's evidence and we are not authorized under the uniform holdings of this court to review the facts presented in the trial court.

It follows, therefore, that if the charge in question was not otherwise properly refused it was correctly refused, as far as our review is concerned, for the reason that from aught that appears from the opinion of the Court of Appeals there was evidence given by the defendant which tended to corroborate or strengthen the State's evidence.

**368**

■ The Court of Appeals held that the trial court did not err in refusing to give defendant's requested Charge No. 1 for the reason that it was covered by the court's oral charge. We have gone to the record to examine the oral charge of the court under the authority of Brown v. State, supra, and we find that the trial court in its oral charge fully covered the law touching the burden and measure of proof, giving, among others, such instructions as these:

"* * * There is no presumption, gentlemen, because the Grand Jury did return this indictment. It is merely a means by which we bring a defendant into court. Therefore, when this indictment was read, and this defendant interposed a plea of not guilty, as he did do, then the burden is placed upon the State of Alabama to prove to you beyond a reasonable doubt and to a moral certainty, his guilt. This defendant, gentlemen, is, as all defendants in criminal cases are, presumed to be innocent, and that presumption of innocence goes along with him at all times, and is never overturned until such time as your minds have been convinced beyond a reasonable doubt of his guilt.

"Now that reasonable doubt, gentlemen, that I mentioned is not a fanciful doubt, it is not an imaginary doubt, it is a real doubt. A reasonable doubt is a doubt for which a reason can be given, and that reason must come from the testimony in the case.

\* \* \* \* \* \*

"In all criminal cases you try the case on the evidence. Under your oath you are bound to the evidence taken, coming to you from that witness stand. You saw the witnesses and observed them. You noted their demeanor. It is upon that that you determine what weight and credibility you will give his testimony. The defendant in this case has testified, as he had a right to do, and it is a very valuable right given to defendants under our law. You should not arbitrarily or capriciously disregard his testimony simply because he is the defendant, and thereby may be interested, but you have a right to weigh his testimony with any interest that he may have as the defendant in mind. You will realize, gentlemen, that upon your consideration of the testimony of all the witnesses as you observed them, taking them, stacking them all up according to your knowledge of people and things over this period of many years, you are to determine whether you have been convinced beyond a reasonable doubt and to a moral certainty of this defendant's guilt; and, as I told you, that burden is on the State of Alabama.

"If you have been convinced, gentlemen, by that yardstick, beyond a reasonable doubt, from the evidence that this defendant did have intercourse with this girl, and that she is under sixteen years of age, or that he abused her in the attempt to have intercourse with her, then in that event it would be your duty to convict him. But, on the other hand, gentlemen of the Jury, if you have not been convinced beyond a reasonable doubt, if there is a reasonable doubt in your minds from this testimony in this case, after considering all the testimony, both that for the defendant and that for the State, that there is a reasonable doubt left in your minds of his guilt, then the defendant is entitled to that doubt and to a verdict of acquittal at your hands."

Since the adoption of Rule 45 and the provisions of law now codified as § 273, Title 7, Code 1940, it is not reversible error in any case to refuse a written charge where the trial court in his oral charge or in given charges has instructed the jury in substance and effect as in this case. See Hurston v. State, 235 Ala. 213, 178 So. 223.

After more careful consideration, it is our studied opinion that the judgment of the Court of Appeals should be affirmed. It is so ordered.

Affirmed.

LIVINGSTON, C. J., and STAKELY and MERRILL, JJ., concur.