275 So.2d 169

Dennis P. DANIELS and Stephen Carson Hammond

v.

STATE.

4 Div. 146.

Court of Criminal Appeals of Alabama.

March 20, 1973.

No brief for appellant.

William J. Baxley, Atty. Gen., and George M. Van Tassel, Jr., Asst. Atty. Gen., for the State.

HARALSON, Supernumerary Circuit Judge.

Appellants were tried and convicted of possession of marihuana and sentenced to three years imprisonment in the penitentiary. The cases were consolidated and tried together, along with that of another defendant whose case has been disposed of and only the two appellants have appealed, based on the one record.

A brief statement of the State's evidence shows that on June 11, 1971, Sergeant A. L. Graham of the Department of Public Safety visited a trailer home in Enterprise where he saw a plastic bag containing marihuana, lying on a dresser and that he had been acting as an undercover agent and visited the trailer several weekends shortly before and had observed marihuana there. He was accompanied by one Elizabeth Cooper, who was acting along with him. He went within a few minutes to the City Hall where he swore to an affidavit for a search warrant, which was forthwith issued. The warrant was served shortly thereafter and the trailer searched. Two officers from the Police Department and two from the Public Safety Department participated in the search and testified they saw several occupants of the trailer, including these appellants, seated in a circle and that there were three burning marihuana cigarettes present; and that there was a strong odor of marihuana smoke and several articles of paraphernalia and a small plastic bag containing the drug. The officers testified to familiarity with the appearance and smell of the drug being smoked. The contraband material was sealed in envelopes and delivered to Dr. James L. Small's office, where he testified he broke the seals on the envelopes and upon clinical examination, found the contents to be marihuana.

Appellant Hammond testified for the defense and claimed he and his girl companion were invited by Elizabeth Cooper to a party at the trailer on the night in question, where they were with the other defendants at the time of the raid. However, he denied any knowledge of anyone in the trailer smoking marihuana and claimed only Salem cigarettes were being smoked.

On July 6, 1971, before arraignment, the appellants filed motions (identical) to quash the indictment (also identical except as to names of defendants). The motions were overruled by the court on July 13, 1971.

The indictments substantially set out the facts under which the possession of marihuana is made unlawful in Tit. 22, §§ 234 and 256, Code of Alabama 1940, Recompiled 1958, pocket parts. Further, they appear to comply with form 87 of Indictments in Tit. 15, § 259, Code, supra. Cases involving prosecution under § 256 and its

prcdecessors in the statutes have been before this Court on many occasions and we find no case holding this statute unconstitutional. We have been cited to no authority so holding. Neither do we think the affidavit and search warrant invalid as contended in grounds 2, 3, 4 and 5 of the motion. The motion to quash was properly overruled.

■ Identical motions were also filed by appellants on July 6, 1971, to require the State to produce the names and addresses of its witnesses and certain documentary evidence, such as reports by physicians, toxicologists, all warrants, search warrants, and reports of officers made thereon. These motions were overruled on July 13, 1971.

The granting of this motion was in the discretion of the court. McCants v. State, 282 Ala. 397, 211 So.2d 877; Mabry v. State, 40 Ala.App. 129, 110 So.2d 250. Aside from this rule it appears from the record that counsel for appellants had a true copy of the search warrants and affidavits during trial. As we read the record, the failure of the court to grant the motions resulted in no injury to the substantial rights of the appellants. Rule 45, Supreme Court Rules of Practice.

On July 12, 1971, motions were filed to suppress the evidence discovered as a result of the search of the premises, under the warrant, alleging that the affidavit was not .based upon facts showing probable cause for search and issuance of the warrant in question. Other grounds of the motion, if proved, would not render the search illegal if there was in fact probable cause, for the issuance of the search warrant, set out in the affidavit.

On July 13, 1971, the court heard evidence presented by the parties on motion to suppress the evidence. Several witnesses testified for the State to their knowledge of the presence of marihuana in the trailer home where appellants were, immediately before the search and the procurement of the affidavit and search warrant.

The affidavit and warrant, State's Exhibits 1 and 2 are set out as follows:

"STATE'S EXHIBIT #1

"STATE OF ALABAMA     RECORDER'S COURT
"COFFEE COUNTY        CITY OF ENTERPRISE, ALABAMA

"Before me, the undersigned authority personally appeared A. L. Graham, who, after first being duly sworn says as follows: I am a sergeant in the I & I Division, Department of Public Safety, State of Alabama. Since April 30, 1971, I have spent Friday, Saturday, and Sunday of each week except 14, 15 and 16 May and 3, 4 and 5 June in Enterprise, Alabama and vicinity on assignment as an Undercover Narcotics Investigator. Today June 11, 1971, at 9:10 P.M. I was in the trailer house located behind house #118 Dothan Road. It is black and white and is the first trailer parked next to the rear of the house on the left side of the house, and has an air conditioner mounted on the side of the trailer Enterprise, Coffee County, Alabama. I saw marijuana in the trailer.

"And I say under oath that I believe that it is there now.

"Done this 11th day of June, 1971.

"/s/ Sgt. A. L. Grahm [sic]     /s/ Marvin W. Martin
Affiant                    Recorder

"STATE'S EXHIBIT #2

"STATE OF ALABAMA     RECORDER'S COURT
"COFFEE COUNTY        CITY OF ENTERPRISE, ALABAMA

"To any lawful officer of the City of Enterprise, Alabama:

"Affidavit having been made before me by Sergeant A. L. Graham that he is positive that marihuana is at a house trailer located behind house #118, Dothan Road. It is black and white and is the first trailer parked next to the rear of the house on the left side of the house, and has an air conditioner mounted on the side of the trailer, Enterprise, Coffee County, Alabama.

"You are hereby commanded to search in the night time the said premises and all out buildings within the curtilage, and any automobiles parked thereat for marijuana and make due return of this warrant and any marijuana found there.

"Done this 11th day of June, 1971.

"/s/ Sgt. A. L. Graham     /s/ Marvin W. Martin
Affiant                   Recorder

"(Back of Exhibit #2)

"4 Smoking Pipes (2 water type)
"1 Film can full marijuana (Contained in Brief Case)
"1 Cig Pack holder case (Roaches inside)
"1 Cig Roache
"1 Lid marijuana
"1 Lid marijuana
"Tobacco or other substance on Floor
"Cig Rolling Papers (several Books)"

■ Under the rule declared in Clenney v. State, 281 Ala. 9, 198 So.2d 293 and Davis v. State, 286 Ala. 117, 237 So.2d 640, the affidavit and warrant were based upon evidence sufficient to show probable cause. There was no error in the order of court overruling the motion to suppress the evidence.

■ In a prosecution for unlawful possession of narcotics it is not necessary to prove manucaption but constructive possession may be shown, and where such possession is relied upon the State must also prove beyond a reasonable doubt that the accused knew of the presence of the prohibited substance. Rueffert v. State, 46 Ala.App. 36, 237 So.2d 520; Spruce v. State, 43 Ala.App. 487, 192 So.2d 747. See cases in 16 Alabama Digest, Poisons, ⊙9.

Such guilty knowledge may be established by circumstantial evidence and guilt does not necessarily depend upon ownership. Parks v. State, 46 Ala.App. 722, 248 So.2d 761.

The evidence presented by the State and appellants was properly submitted to the jury and the motion to dismiss the prosecution made by appellants at the conclusion of State's evidence, was properly overruled.

■ The court refused one charge requested in writing by appellants. The substance of this charge was clearly covered in the court's oral charge and there was no error in its refusal.

After verdict of guilty the appellants filed motions (identical) for a new trial, which motions were later amended after the thirty day period for filing under the statute. Tit. 7, § 276, Code, supra. The amendments set up the contention that the court erred in failing to quash the venire on motion before trial; and that after the jury had been struck and sworn, but before the taking of testimony, a juror made the statement to defense counsel and the district attorney, "I hope everyone of those dope boys go to the penitentiary;" and that

defendant did not receive a fair trial under the provisions of the Constitution of the United States (Article VI) and the Constitution of Alabama (Section VI).

Motion to strike the amendments as not being germane were in effect overruled in order that the full circumstances could be brought before the court. Upon oral hearing before the court the motions and amendments were overruled.

■ Action on a motion for a new trial is largely in the sound discretion of the trial court and will not be revised on appeal unless it clearly appears that such discretion has been abused. Hamm v. State, 38 Ala.App. 423, 87 So.2d 863; 7 Alabama Digest, Criminal Law, ⊙911.

The court concluded upon hearing and consideration of the record that the motions and amendments thereto should be overruled and so ordered. We agree with this conclusion based on the record and facts developed in the hearing.

■ However, aside from this, we are of the opinion that the failure of the appellants to raise the question of the disqualification of the juror set out in the amendments before trial by advising the court or making some appropriate objection or motion to invoke a ruling by the court, was a waiver; and this question could not first be raised on motions for new trial. Ball v. State, 252 Ala. 686, 42 So.2d 626; Dawson v. State, 43 Ala.App. 265, 188 So.2d 600; Beasley v. State, 39 Ala.App. 182, 96 So.2d 693.

■ Counsel with *knowledge* of a disqualification of a juror may not remain silent and gamble on a favorable verdict and if unfavorable, raise the matter in a motion for new trial. Authorities, supra.

On the trial on the merits the testimony presented, if believed by the required rule, was ample to support the verdicts of guilty.

Our search of the record in accordance with the statute, Tit. 15 § 389, Code, supra,

has revealed no error to cause a reversal and this cause is due to be affirmed.

The foregoing opinion was prepared by the Honorable W. J. HARALSON, Supernumerary Circuit Judge, serving as a Judge of this Court under § 2 of Act No. 288, Acts of Alabama, July 7, 1945, as amended; his opinion is hereby adopted as that of this Court.

The judgment below is hereby

Affirmed.

All the Judges concur.