283 So.2d 683

**Lorenzo BYRD**

v.

**STATE.**

**5 Div. 124.**

Court of Criminal Appeals of Alabama.

Sept. 28, 1973.

Hoyt W. Hill, Opelika, for appellant.

William J. Baxley, Atty. Gen., and James L. Hunt, Special Asst. Atty. Gen., Tuscumbia, for appellee.

ROBERT E. L. KEY, Circuit Judge.

Defendant was indicted by the grand jury of Lee County for the offense of robbery. The case was tried to a jury of that county and resulted in a verdict of guilty and a sentence of ten years in the state penitentiary. From the verdict and judgment pronounced thereon the defendant prosecutes this appeal.

I

The evidence for the state tended to prove that one Renza Wright was accosted outside the Ballerina Inn in Opelika on Christmas Eve night, 1970, by the defendant Byrd and two companions, Willie James ("Nut") Jones and Jessie Lee Core. When Wright refused to give the defendant, Jones and Core money for which the defendant had asked, Core placed a hawk bill knife around Wright's neck and while all three held him, the defendant and Jones assisted Core in searching the person of Wright and upon finding a likely pocket, Core cut the pocket out of Byrd's overalls and obtained the sum of $14.00. According to testimony of Wright, all three of them, including the defendant, then beat him, threw him into a branch and when he was able to crawl therefrom, the defendant "stomped me in my chest." The defendant testified in his own behalf, and also in an extrajudicial statement, and admitted getting a portion of the money taken from Wright but claimed that he had nothing to do with the robbery; that it was done by

Core and Jones and that he was an innocent bystander.

## II

■■■■ The first claim of appellant is that the trial court committed reversible error in sustaining the state's objections to questions asked on cross examination of a state's witness as to whether or not the witness had ever seen the prosecuting witness (Wright) on previous occasions when he was drinking and when he acted as he did on the occasion shortly prior to the alleged robbery and whether or not he had ever seen Wright before when he was drinking. The degree of intoxication or sobriety, of course, is material to the capacity and ability, and hence the credibility, of any witness who testifies in court, Gillis v. State, 35 Ala.App. 119, 45 So.2d 44, cert. den. 253 Ala. 283, 45 So.2d 51, but careful reading of the entire testimony of this witness reveals that the witness testified, in substance, that he did not know of his own knowledge whether Wright was drinking or not when he observed him shortly before the robbery. It follows that the appellant has assumed a fact not in evidence and his question to the witness was due to be disallowed. Stewart v. State, 137 Ala. 33, 34 So. 818, 1 McElroy on Evidence 287. Regarding the second part of the claimed error, the fact that the witness might have seen Wright drinking on a previous occasion was immaterial to any issue in this case and the State's objection to it was properly sustained. Garrett v. State, 268 Ala. 299, 105 So.2d 541.

## III

On further cross examination of the prosecuting witness, he was asked by defendant if he would change his statement as to whether he knew the defendant if he knew that defendant's mother lived in Lexington, Kentucky. The witness answered twice that he would not and was then asked by defendant if he would not change his statement "even under penalty of perjury." The sustaining of the state's objection to the latter question is also assigned as error.

■■■ The complete and searching cross examination of the testimony of an opponent is the right of every adversary in a trial in the courts of this state, Code 1940, Title 7, Section 443, but this rule is to be applied only to the circumstances of each case. The cross examination of the prosecuting witness at this point was obviously designed to discredit his testimony identifying the defendant. In view of the fact that the defendant later admitted he was present at the scene of the alleged crime, the question of identity becomes moot and the sustaining of the state's objection to the question was proper. It might be added that the range of cross examination is usually left to the sound discretion of the trial court and unless it appears that error intervened to the substantial injury of the adverse party, the *nisi prius* ruling will not be disturbed. Raper v. State, 30 Ala.App. 302, 4 So.2d 657; Alford v. State, 30 Ala. App. 592, 10 So.2d 370.

The same rationale and same authorities are hereby used to dispose of appellant's other suggestions of error in the record as it relates to cross examination by the defendant of various state witnesses. This court has read the record carefully, and upon consideration of it, and the arguments made by the appellant and the authorities cited to show injury because of the court's rulings as to various other questions which were not allowed on cross examination, is compelled to the conclusion that all such rulings were within the sound discretion of the learned trial judge. His rulings must, therefore, remain undisturbed. Raper and Alford, *supra*.

## IV

■■■ It is also assigned as error that the lower court permitted the state to prove the balance of a prior written statement after defendant on cross examination of the same witness had introduced a portion of the statement as impeachment of

**238**

the witness. The case of Patterson v. State, 191 Ala. 16, 67 So. 997, declares the rule to be that the whole of a document should not ordinarily be admitted but only the contradictory part and the appellant relies strongly on this authority. This holding, however, is subject to other cases which say that admittance of the whole or the contradictory part rests in the discretion of the trial court, 1 McElroy on Evidence 379 and cases therein cited, and, further, if a contradictory statement in a document is so interwoven with a noncontradictory statement therein as to render it impracticable to show the contradictory statement without also showing the noncontradictory statement, the whole of the document is admissible, Kennedy v. State, 85 Ala. 326, 5 So. 300, 1 McElroy, *supra.* The ruling of the trial court in this regard is in accord with the authorities cited above and the contentions of appellant are not on solid foundation. The ruling of the court below was without error in this regard.

### V

■ Defendant last contends that his requested written charges numbered one through seven were improperly refused on trial. Charges numbered one through six inclusive were, in essence, motions for a directed verdict of acquittal and were properly refused by the able trial judge. When the testimony for the state makes out a prima facie case of guilt of the defendant, his guilt or innocence then and there becomes a question of fact for the jury, and all such motions for acquittal, with or without hypothesis, are due to be refused by the trial court as invasive of that sphere of authority granted under our system of law strictly to the triers of fact. Blue v. State, 246 Ala. 73, 19 So.2d 11. Moreover, when the evidence is in conflict —as it is here—as to the guilt or innocence of the defendant, charges requesting an acquittal are properly refused by the trial court. Walker v. State, 265 Ala. 233, 90 So.2d 221.

■ Charge Number 7 requested by the defendant was adequately covered in the court's oral charge and its refusal was not error. Hamm v. State, 38 Ala.App. 423, 87 So.2d 863, affirmed 264 Ala. 366, 87 So.2d 865.

### VI

We have considered the entire record under Code 1940, Title 15, Section 389, and our examination causes us to conclude that error is not made to appear.

The foregoing opinion was prepared by Honorable ROBERT E. L. KEY, Circuit Judge, temporarily on duty on the Court pursuant to subsection (4) of Section 38, Title 13, Code 1940, as amended, and the Court has adopted his opinion as its own.

The judgment below is hereby

Affirmed.

All the Judges concur.