The indictment charged the appellant with the unlawful possession of Marijuana after a previous conviction, also of possession of Marijuana. The jury found the appellant "guilty as charged," but declined to assess a fine. The trial court then entered judgment, setting sentence at thirteen years imprisonment.
The appellant's motion for new trial, challenging the weight and sufficiency of the evidence, was overruled following a hearing.
Ray Plant testified he was an Auburn Police Detective assigned to the Narcotics Division on March 5, 1976. He indicated he had known the appellant for more than five years and knew that he resided at 420 Bird Street in Auburn, Alabama. He testified that after obtaining a search warrant from Judge G.H. Wright, Jr., he went to the appellant's residence, accompanied by Lee County Sheriff's Investigator Paul Dennis and State ABC Agents Dan Hill and Paul Bottoms. He stated that Investigator Dennis went to the front door and he went to the back door and knocked. The door was opened by a woman, but upon seeing the search warrant she slammed the door. Investigator Dennis then entered through the front door, opened the back door, and the search warrant was served on the female occupant.
Officer Plant stated that in the kitchen on the freezer was approximately a quarter of a pound of Marijuana in a clear plastic bag, which was commonly termed a "nickel bag." He stated these bags usually sell for $5.00. He stated that another "nickel bag" was on top of the dresser in the back bedroom.
Upon looking around the house, the officers found between seventy-five and eighty small Marijuana plants in ceramic pots. These plants were between two and three inches tall.
These items were seized and turned over to Lieutenant Holder of the Auburn Police Department.
Also during the search of the premises the officers found some personalized cancelled checks with the appellant's name, Maxon Henderson, Jr., the address, 420 Bird Street, Auburn, Alabama, and the phone number 887-9413. These checks were drawn on the Farmers National Bank.
Also found in the premises was an envelope addressed to Mr. Maxon Henderson, Jr., at this same address.
Officer Plant also testified that the woman who was at the premises was one Mae Moore, and it was she who first opened the back door and then slammed it when he first attempted to enter and present the search warrant. He testified that the bags of Marijuana and the Marijuana plants were subsequently turned over to the State Department of Toxicology for examination. He testified that to his knowledge the appellant was employed at the Uniroyal plant in Opelika.
On redirect examination Officer Plant testified that on December 24, 1974, he had gone to the same premises with a search warrant and found a small amount of Marijuana, and that a case had been made in the *Page 542 
City Court of Auburn, Alabama, and on February 19, 1975, the appellant was found guilty.
Billy G. Holder testified that as an Auburn Police Officer assigned to the Narcotics Division, he went to 420 Bird Street in Auburn on March 5, 1976. He testified that he obtained from the officers there three manilla envelopes which contained plastic bags of vegetable matter that appeared to be Marijuana. He stated that the envelopes were sealed, initialed, and that he personally delivered these envelopes to Dr. Taylor Noggle of the State Department of Toxicology.
State Toxicologist Taylor Noggle testified that he received three manilla envelopes from Police Lieutenant Holder on March 8, 1976. He testified that he examined the contents and found that they contained Marijuana. He stated that Marijuana comes from a plant known as Cannabis Sativa L., the horticultural name.
June Sistrunk testified she was clerk of the City Court of Auburn, Alabama, and as such she was the official custodian of the records. She testified that on February 19, 1975, the appellant had been found guilty of possession of Marijuana. She identified an official minute entry to this effect, and said that this was the "final judgment."
The appellant's motion to exclude the State's evidence was overruled.
The appellant presented evidence of good character through two friends.
Owetia Robinson testified that she lived at 741 Clark Avenue in Auburn and that the appellant was "[M]y old man. He stay with me, so I say he's my old man but we're not married." She further stated that over the past six months there were only fifteen or twenty nights that the appellant did not stay with her. She stated that he did have clothing at her home.
Mary Henderson testified that she was the mother of the appellant. She stated that she rented a house at 420 Bird Street to one Mary Rosie Moore who lived there with her five children, all young. She stated that she lived at 737 Stubbs Avenue in Auburn, and that her son, the appellant, ate and slept there, and received his mail there. She stated that her son worked the third or 11:00 to 7:00 shift at the Uniroyal plant in Opelika.
Maxon Henderson, Jr., testified that he lived part of the time at 741 Clark Avenue and part of the time at his mother's home at 737 Stubbs Avenue. He testified that he kept some old clothes at 420 Bird Street because he raised dogs in the back yard there. He stated that each day he went to the house on Bird Street to feed and water his dogs, that this was why he kept some clothes at this house. He testified that otherwise he lived over with one Owetia Robinson at 741 Clark Avenue and kept his clothes at her house. He testified that as to the envelope addressed to him at Bird Street this was where he mailed his church dues from, but that he had not lived there for some time.
Mae Moore testified that she lived at 420 Bird Street in Auburn with her five children, the oldest being fourteen years of age. She stated that the appellant came by her home each day to feed his dogs that he kept in her back yard, and he kept a few clothes there to use when he fed them. She stated that the officers came to her house about 2:30 in the afternoon, that they found a pack of Marijuana on the dresser and some plants which belonged to her. She stated that someone had brought the Marijuana to her house for her brother and that Maxon Henderson did not know it was there.
On cross-examination Mae Moore testified that she had lived on Bird Street for the past three and one-half years, and that on a prior occasion the police had found some Marijuana butts in a drinking can at her house. After being questioned further concerning appellant's clothing at her house, she stated the following:
"Q. He changes clothes?
"A. Yeah.
"Q. Does he water the lawn?
"A. Well, the kids, they do that.
"Q. Who waters the marijuana plants? *Page 543 
 "A. Well, the kids was watering the flowers, so if they was in the pots, I guess, you know, they got watered when they watered the flowers.
"Q. Is Maxon Henderson your boyfriend?
 "A. Well, we was girlfriend and boyfriend, but we's not up tight now.
"Q. You're not up tight now?
"A. No.
 "Q. You're still willing to try and take the rap for him, aren't you?
"A. I'm not taking the rap for him."
Officer Ray Plant was then recalled and testified that he observed no female clothing in the bedroom where he found the packet of Marijuana, nor did he see any children's clothing in this bedroom.
 I
The issue presented by this record is whether or not the State presented a prima facie case of possession of the prohibited substance.
Knowledge of the presence of the prohibited substance may be established by circumstantial evidence, and guilt does not depend upon ownership. Parks v. State, 46 Ala. App. 722,248 So.2d 761; Daniels v. State, 49 Ala. App. 654, 275 So.2d 169.
The offense of possession of illegal drugs is susceptible of joint commission. Green v. State, 30 Ala. App. 94, 2 So.2d 324.
Where, as here, the presence of the accused at the scene is established through both direct and circumstantial evidence, and the evidence of the accused's knowledge of the presence of the prohibited substance is shown together with other incriminating evidence, then the issue of the appellant's guilt should be submitted to the jury. Radke v. State, 292 Ala. 290,293 So.2d 314; Fields v. State, Ala.Cr.App., 333 So.2d 861.
We are of the opinion the State here presented a prima facie case, and the trial court therefore properly submitted this cause to the jury for their determination.
After careful examination we find this record to be free of error. The judgment is therefore
AFFIRMED.
All the Judges concur.