TYSON, Judge.
David Lee Hunter was charged in a three count indictment with the possession of Pentazocine, Phenmetrazine and Marijuana, in violation of the Alabama Uniform Controlled Substances Act. Section 20-2-70, Code of Alabama, 1975. The charges of possession of pentazocine and phenme-trazine were dismissed and a motion for judgment of acquittal was granted. The appellant was found guilty by a jury of the possession of marijuana. The appellant was given a five year sentence, of which he was to serve one year of the sentence in the penitentiary with the other four years suspended for a period of five years to be served on probation. (R. 150).
I
The sole issue presented to this court on appeal is the sufficiency of the evidence of the appellant’s possession of the marijuana. The facts of this case will be briefly stated.
On November 25, 1982, at approximately 12:30 a.m., Officer Claude Monigan of the Mobile Police Department accompanied two females to Apartment # 2 at 1051 Church Street in Mobile, Alabama for the purpose of making a drug buy. When they arrived, Monigan purchased Talwin from Jimmy Hunter (the appellant’s brother) and Brenda Woodrow. The appellant and Carolyn Jones were present when the purchase was made. Later that morning, a search warrant was obtained and executed at Apartment # 2, 1051 Church Street, Mobile. Three guns, some Talwin tablets and over $1600 in cash were found in the bedroom which was occupied by Jimmy Hunter and Brenda Woodrow. A gun and 54 envelopes containing marijuana were found in a dresser in the bedroom where the appellant and Carolyn Jones were found sleeping.
The appellant contends his motion for judgment of acquittal should have been granted because the State failed to show that he had any knowledge of the presence of the marijuana found in the dresser of the bedroom in which he slept on that night.
“Knowledge by the accused of the presence .of the controlled substance is an essential element and prerequisite to conviction for the offense of illegal possession of a controlled substance under The Alabama Controlled Substances Act. Walker v. State, 356 So.2d 672 (Ala.1977). Such guilty knowledge may be established by circumstantial evidence. Walker v. State, 356 So.2d 674, 675 (Ala.Cr.App.), cert. denied, 356 So.2d 677 (Ala.1978). It may be proved by evidence of acts, or conduct of the accused, from which it may be fairly inferred that he knew of the existence of the narcotics at the place where they were found. Walker, 356 So.2d at 676. Where constructive possession is relied on the State must also prove beyond a reasonable doubt that the accused knew of the presence of the prohibited substance. Daniels v. State, 49 Ala.App. 654, 275 So.2d 169 (1973). Proof of constructive possession alone will not justify a conviction. Cook v. State, 341 So.2d 183 (Ala.Cr.App.1976); Coker v. State, 25 Ala.App. 191, 143 So. 206 (1932).”
Temple v. State, 366 So.2d 740 (Ala.Crim.App.1978).
“Where the accused is not in exclusive possession of the premises, his knowledge of the presence of the controlled substance may not be inferred ‘unless there are other circumstances tending to buttress this inference.’ Temple v. State, 366 So.2d 740, 743 (Ala.Cr.App.1979). When constructive possession is relied upon, there must be some fact or circumstance which will afford the jury a ‘rational inference’ that the accused had knowledge of the drugs. Ex parte Campbell, 439 So.2d 723, 724 (Ala.1983).”
Lyons v. State, 455 So.2d 295 (Ala.Crim.App.1984).
The State contends there are several circumstances which point to the appellant’s knowledge of the marijuana. These circumstances include the appellant’s presence during the purchase of the Talwin, the presence in the apartment of an envelope *683 bearing the appellant’s name (the envelope did not have an address other than Mobile, Alabama), and the fact that the appellant gave 1051 Church Street as his own address when arrested. These circumstances, without more, hardly supply a rational inference that the appellant had knowledge of the marijuana.
Evidence presented during the trial revealed that the apartment in question was rented by Brenda Woodrow. Jimmy Hunter testified that he lived in the apartment with Woodrow and that he sold drugs for a living. He stated that the appellant did not live at the apartment. Jimmy Hunter further testified that the marijuana which was found belonged to him and the appellant knew nothing about it.
The appellant testified that he went to his brother’s apartment, along with Carolyn Jones, at approximately 8:30 p.m. on November 24, 1982. The appellant stated he did not live at the apartment and stayed there that night because the four had been out drinking after the drug buy was made. He said he gave the apartment’s address as his because he thought the officers were asking for the address of the apartment. The appellant denied any knowledge of the marijuana and claimed he did not know his brother sold drugs.
Another defense witness, Diana Ross, the appellant’s cousin, testified that the appellant was living with her and her mother at 1704 William Street in Mobile when he was arrested. She stated the appellant frequently spent nights out with his girlfriends.
In view of the above evidence, we are of the opinion that the State failed to prove the appellant had knowledge of the marijuana. The evidence presented by the State merely raised a suspicion that the appellant knew of the presence of the marijuana. Such suspicion only arose because the appellant slept in the bedroom in which the marijuana was found and allegedly gave the address of the apartment as his own residence. These factors are not enough to support his conviction, particularly in light of the fact that Jimmy Hunter, a known drug dealer, testified that the marijuana in question was his. For a factually similar case, see Corbin v. State, 55 Ala.App. 33, 312 So.2d 604 (1975).
Therefore, for the reasons stated above, we must reverse and render this cause.
REVERSED AND RENDERED.
All the Judges concur.