BOWEN, Presiding Judge.
William Frank Bradley was convicted for trafficking in cannabis, fined $25,000, and sentenced to twenty-five years’ imprisonment as a habitual offender. Bradley raises two issues on this appeal from that conviction.
I
The trial court properly refused to allow into evidence the testimony of Brian Snider to impeach state witnesses C.D. Horton and Wilbur Miller. Snider was a newspaper reporter for The Western Star.
Jefferson County Deputy Sheriff Horton testified that, on June 25, 1985, he observed the defendant using milk jugs to water ten to twelve marijuana plants which were growing in a field of 407 marijuana plants. The next day, Horton, accompanied by Deputy Miller, resumed his surveillance, and saw the defendant return to the field and touch and smell several plants. Horton then arrested the defendant in the field. On cross-examination, Horton testified that, although it was “very possible” he did talk with Snider following the de *1272 fendant’s arrest, he did not remember any conversation. Defense counsel did not attempt to ask Horton about the specific content of the alleged conversation.
In aiding Horton, Deputy Miller observed the marijuana field from a location different from Horton’s. Although he did not see anyone in the field, he heard someone say, “I don’t think it needs watering today.” Shortly after that, he heard Deputy Horton arrest the defendant.
When Deputy Miller did not remember talking to reporter Snider, defense counsel produced a newspaper article and asked him if he remembered telling Snider, “[h]e had apparently come to water the plants,” and, “[tjhere were signs that someone had been carrying water to the patch.” Deputy Miller responded, “If he [Snider] — I guess I did talk to him if he’s got my name on it.”
After the State rested its case, Snider testified outside the presence of the jury. He stated that he did meet with the two officers but could not remember the specific conversation: “I would be willing to stand by my article, ... I don’t recall the exact words we used. The gist of the story was that they were watching the field and saw Mr. Bradley come into it and picked him up.” Snider did not recall which officer made the statements “[lije apparently had come to water the plants” and “there were signs that someone had been carrying water to the patch.” The defendant argues that Snider’s testimony would have afforded the jury the inference that Deputy Horton did not actually see him watering the marijuana plants.
Defense counsel did not attempt to introduce the newspaper article into evidence through the doctrine of past recollection recorded and did not attempt to refresh Snider’s memory through the doctrine of present recollection revived. C. Gamble, McElroy’s Alabama Evidence, § 116.01 (3rd ed. 1977).
The trial court properly refused to permit Snider to testify before the jury because defense counsel failed to lay a proper predicate for the impeachment of Deputy Horton. First, although a witness cannot defeat the introduction of contradictory statements to impeach him by stating that he does not remember, Green v. State, 233 Ala. 349, 351, 171 So. 643 (1937), defense counsel failed to specify for Deputy Horton the content of the supposed contradictory statements. McElroy, § 157.-01(4).
Second, Snider could not remember which officer made the supposedly contradictory statements. Even if Deputy Miller made the statements in Horton’s presence, as defense counsel alleged, Miller’s statements were not such as to call for a denial by Horton. Jordan v. State, 225 Ala. 350, 352-53, 142 So. 665 (1932). Horton saw the defendant watering the marijuana plants on June the 24th. On the 25th, the defendant did not water the plants. Miller only saw the defendant being arrested on the 25th. Because of the circumstances of the surveillance, Miller’s statements that “someone had been carrying water to the patch” and that the defendant “apparently came to water the plants” are perfectly consistent with Deputy Horton’s trial testimony that he saw the defendant watering the plants.
Third, as indicated, the statements were not shown to be contradictory. “It is, of course, an elementary rule of evidence that prior statements may be used to impeach the credibility of a criminal defendant or an ordinary witness. But this can be done only if the judge is satisfied that the prior statements are in fact inconsistent.” Grunewald v. United States, 353 U.S. 391, 418, 77 S.Ct. 963, 981, 1 L.Ed.2d 931 (1957); Annot., 40 A.L.R.Fed. 629, § 3(a) (1978). “A prior statement of a witness, in order to be provable for the purpose of impeachment, must be contradictory of or inconsistent with his testimony.” Lester v. Jacobs, 212 Ala. 614, 617, 103 So. 682 (1925). See also Helton v. Alabama Midland R. Co., 97 Ala. 275, 12 So. 276, 284 (1893); Morris v. State, 25 Ala.App. 175, 177-78, 142 So. 685 (1932). Where there is no material inconsistency in the trial testimony of the witness and a prior statement, the introduc *1273 tion of the prior statement would be useless and should not be allowed. Grave v. Wooley, 27 Ala.App. 464, 466, 174 So. 799, cert. denied, 234 Ala. 248, 174 So. 801 (1937).
“A witness may be impeached by a prior statement from which there was an omission of something important which would be natural to mention in the framework of that statement and which was testified to by the witness at the trial. But a prior statement is not inconsistent merely because it is not as complete as the testimony of the witness at trial.” 81 Am.Jur.2d Witnesses § 597 (1976). “Whether such inconsistency actually exists should be determined not from single or isolated answers, but from the testimony of the witness as a whole; and the question of contradiction is whether or not the proffered statement and the testimony of the witness lead to inconsistent conclusions, indicating that the differing expressions of the witness appear to have been based on incompatible beliefs.” 98 C.J.S. Witnesses § 583 (1957).
For these reasons, we find that Snider was properly prohibited from testifying before the jury.
II
The trial court properly overruled the defendant’s motion for a judgment of acquittal. The defendant was observed watering, touching, and smelling a few of the 407 marijuana plants in the field. He lived in a house located approximately 300 yards from the field. Deputy Horton testified that when the defendant was arrested in the field he said “if I could cut him some slack he would put me on ten thousand plants of marijuana.” The State proved physical possession of some of the marijuana plants and constructive possession of the entire field. German v. State, 429 So.2d 1138 (Ala.Cr.App.1982); Crafts v. State, 439 So.2d 1323 (Ala.Cr.App.1983); Temple v. State, 366 So.2d 740 (Ala.Cr.App.1978); Fields v. State, 333 So.2d 861 (Ala.Cr.App.1976).
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.