In the three count indictment the defendant was charged with the unlawful possession of marijuana, phencyclidine, and phentermine. A jury found him guilty of all three counts. Sentence was twelve years' imprisonment.
The facts of this case are virtually without dispute. The only issue on appeal is the sufficiency of the evidence to support the conviction. On February 12, 1979, Montgomery police officers executed a search warrant at 642 Morgan Avenue. When the officers executed the warrant they were looking for the defendant who was the only individual named in the warrant. The warrant and the information it contained were not introduced into evidence.
When the search was conducted there were three adults and two young children in the home. The children belonged to the defendant. The three adults were identified as Leon Curry, Tommy Lee Washington, and Jerry Mitchell. The defendant was not present when the search warrant was executed. The relationship, if any, between these adults and the defendant was never established.
A house lease in the defendant's name was found under the mattress of the bed in the downstairs bedroom. A Storer Cable T.V. bill or contract was found on the fireplace mantel in this same bedroom. The lease and the T.V. contract were in the name of the defendant. Additionally, "there were miscellaneous papers and things under the mattress", although these "papers and things" were not specifically identified.
Controlled substances were found in both the upstairs and downstairs bedrooms and in the dining room. There was no evidence that any drug was found under the mattress with the "papers and things". A set of scales, which was eventually excluded from evidence, was found on the dining room table. The evidence indicates that these drugs were not concealed but were in plain view.
The District Account Manager for Alabama Power Company testified that the "electric service account" for the address of 642 Morgan was in the name of Larry Mitchell.
The defendant presented no evidence in his behalf. There was no evidence that the defendant did not reside at the residence where the drugs were found.
Because there was no direct testimony that the defendant actually lived at 642 Morgan or had ever been there, the defendant contends that the evidence is insufficient to support the verdict. We do not agree.
In Temple v. State, 366 So.2d 740 (Ala.Cr.App. 1979), this Court held that where illegal drugs are found on the premises of an accused during his absence, and other persons occupy the premises, then the circumstance of the drugs being found on the *Page 126 
premises is not sufficient, without more evidence, to establish knowledge of the presence of the drugs to the degree required to support a conviction for illegal possession.
Since the possession of illegal drugs is susceptible of joint commission, the guilt of the accused does not necessarily depend upon proof of his ownership of the drugs. McCord v.State, 373 So.2d 1242 (Ala.Cr.App. 1979). Actual physical personal possession of contraband is not required and possession may be constructive as well as actual. Hancock v.State, 368 So.2d 581 (Ala.Cr.App.), cert. denied, Ex parteHancock, 368 So.2d 587 (Ala. 1979). However, where constructive possession of contraband is relied upon, it is necessary to show guilty knowledge. This knowledge may be shown by circumstantial evidence. Blaine v. State, 366 So.2d 353
(Ala.Cr.App. 1978); Henderson v. State, 347 So.2d 540
(Ala.Cr.App. 1977).
In this case there is no argument with the proposition that where drugs are found on premises under the control of the defendant an inference may arise that the defendant had knowledge and possession of them. 28 C.J.S. Drugs and NarcoticsSupplement, Section 210 (1974). The particular difficulty in this case is whether there was sufficient evidence of the defendant's control of the premises to authorize an inference of his knowledge and constructive possession of the drugs found on those premises. The defendant argues that the evidence of control was insufficient because there was no evidence that the defendant was ever physically present in the house.
A review of the evidence convinces us that this was a question for the jury under the facts of this case. The jury could reasonably infer that the defendant lived or resided at the house where the drugs were found from the concurrence of three facts: (1) The lease was in the defendant's name as was a cable T.V. contract; (2) the electric bill was in the defendant's name; and (3) the presence of the defendant's two children at the house. This inference is especially compelling when considered in conjunction with the fact that there was no evidence that the defendant did not reside in this house.
Keys, leases, rent receipts and account cards found in an apartment may be sufficient, in conjunction with other evidence, to support an inference that the accused constructively possessed the drugs found in that apartment.United States v. Thompson, 495 F.2d 165 (D.C. Cir. 1974).
Once it is established that the defendant resided in the house, his connection with the drugs is supplied by the quantity and location of the drugs throughout the house. Phencyclidine residue was found on a mirror on top of the dresser in the downstairs bedroom. There were two baby food jars containing marijuana found on the dresser in the downstairs bedroom. Found in the corner of this bedroom was a brown paper bag containing five plastic bags of marijuana and one plastic bag containing "roaches" and residue.
In the dining room ten phentermine capsules were found on a chest by the dining room table; on the table were "brown envelopes already packaged, had nickel and dime envelopes containing marijuana and a set of scales."
In the upstairs bedroom a "pile of roaches" was found on a table. Marijuana and paraphernalia were also found there.
In this case, the drugs were not hidden but were so located and situated throughout the residence that it would be reasonable to conclude that any adult occupant of the dwelling would have a knowledge of their presence. This was a finding the jury was authorized to make from the facts and circumstances presented by the testimony and from the reasonable and logical inferences flowing therefrom. For the legal principles involved in determining the sufficiency of circumstantial evidence see Cumbo v. State, 368 So.2d 871
(Ala.Cr.App. 1978), cert. denied, 368 So.2d 877 (Ala. 1979).
We have carefully searched the record for error prejudicial to the defendant and finding *Page 127 
none affirm the judgment of the Circuit Court.
AFFIRMED.
All Judges concur.