This appellant was convicted of an assault in the second degree on a trial by jury on an indictment charging him with the intentional attempt to cause the death of Stinson Edward Vanderslice by shooting *Page 1218 
him with a pistol, which, according to Code of Alabama 1975, §13A-4-2 (a), (d)(1), is a Class A felony. Another section, §13A-6-20 (a)(2), provides:
 "A person commits the crime of assault in the second degree if:
 "With intent to cause physical injury to another person, he causes physical injury to any person by means of a deadly weapon or a dangerous instrument; or . . ."
The court charged, with the apparent approval of both parties, that the defendant could be found guilty of a lesser included offense, that assault in the second degree, as prescribed by §13A-6-20 (a)(2) is a lesser offense than the one expressly charged in the indictment, and that it was impliedly included therein.
The only issue raised on appeal is as to the action of the trial court in overruling defendant's motion for a new trial.
The grounds of the motion for a new trial, when considered together, were to the effect that defendant and his attorney had ascertained since the trial that one of the witnesses for the State, who testified that she was an eyewitness to the incident forming the basis of the prosecution and that she saw defendant shoot the alleged victim, was not the person who she testified she was, the female companion of defendant, at the time and place of the alleged crime. She had testified that she was a close friend of the victim and was camping out with him and others at Beeswax Creek on the Coosa River and that she and the victim became husband and wife thereafter. There was evidence at the trial that there were many campers in the area and that the alleged victim, his female companion, and some of their adult companions had been drinking heavily on the night before the alleged crime and on the day thereof. There was also undisputed evidence that defendant and two male companions had been drinking heavily. The evidence was undisputed that the victim and one of the defendant's companions were in a fight against each other just before the alleged crime occurred, which resulted in defendant's said companion being sent to the hospital. The defendant testified that immediately thereafter he left the scene and went home and that he did not shoot the alleged victim. The evidence was undisputed that the alleged victim was shot four times by a pistol in the hand of a man and was sent to a hospital. There was no evidence identifying the man that shot the victim as any person other than defendant.
On the hearing of the motion for a new trial, both of said companions of the defendant on the day of the alleged crime and the defendant testified that the witness who testified as the then wife of the alleged victim was not the person who was with the defendant as his girl friend and companion on the night before and the day of the alleged crime. They were corroborated to some extent by another witness who was at the camp site on the same occasion as the others, in that he gave a different description of defendant's female companion from the description given him of the female who testified.
On the hearing of the motion for a new trial, defendant testified in part upon interrogation by his attorney:
 "Q. Well, you've heard what they testified to, here; now, I'm going to ask you, did you inform me, when Court was over or during Court there anything about that not being the same woman; did you tell me anything at that time?
"A. Yes, sir, I did.
"Q. Was it after Court was over?
 "A. It was after she had testified, after Court was over, yes.
 "Q. I mean, it was after the case had been completed; is that correct?
"A. Right.
"Q. That is when you told me about it?
"A. Yes, sir."
On cross-examination, defendant testified in part:
 "Q. Okay, now, when was the first time it became apparent to you in your mind that the same woman that was down there on the creek was not the one that was testifying in Court; when did you first realize that? *Page 1219 
 "A. After she had testified and after all the witnesses testified, they said, that is all the witnesses.
 "Q. Now, wait a minute, was it after all the witnesses had testified or was it after she had testified?
"A. I guess, it was after she testified.
 "Q. After she testified, you knew in your mind that wasn't the same woman; is that right?
"A. Right.
 "Q. And when was the first time you told anybody about it?
 "A. After the case was over, I told Mr. Burnett about it.
 "Q. Now was it after the jury came back and said you were guilty?
 "A. I don't know whether it was or not, it could have been."
The State did not introduce any evidence on the hearing of the motion for a new trial. The following is the court's ruling on the motion for a new trial:
 "Hearing having been had on Defendant's `Motion For A New Trial Or Rehearing', and evidence having been taken, the Court finds that the Defendant Lonnie Barnes knew during the trial about the matter which is now the subject of his post-trial motion. It is the further finding of this Court, after hearing the evidence presented at trial as well as the evidence presented at the motion hearing, that a new trial is not warranted for the allegations contained in the motion, regardless of any consideration of the timeliness element involved.
 "Wherefore, Defendant Lonnie Barnes' Motion For A New Trial is denied."
As to the "timeliness element involved" comment in the ruling, we are of the opinion that the reference could conceivably be to either the question of the "timeliness" of the claimed realization by defendant that the particular witness was a different person from whom she claimed to be and his communication of that information to his attorney or to the "timeliness" of the filing of the motion for a new trial, as to which there was an issue between the parties, but which we do not now need to consider. In Taylor v. State, 266 Ala. 618,620, 97 So.2d 802 (1957) per Mr. Justice Goodwyn, with a citation of authorities, we are told the following five requirements for the establishment of a right to a new trial on the ground of newly discovered evidence:
 "(1) That the evidence is such as will probably change the result if a new trial is granted; (2) that it has been discovered since the trial; (3) that it could not have been discovered before the trial by the exercise of due diligence; (4) that it is material to the issue; and (5) that it is not merely cumulative or impeaching."
The claimed knowledge by defendant that the witness who said she was the victim's female companion at the time of the alleged crime was not such female companion is the same claimed knowledge the defendant had during the trial of the case and therefore does not meet the requirement that the newly discovered evidence must have been discovered since the trial. Evidence is not "newly discovered" within the proper meaning of that term where the defendant had knowledge of it during the trial and does not divulge such knowledge to his attorney when he could have done so, as in the instant case, in time for its use by defendant in the presentation of his case. Sanders v.State, Ala. Cr. App., 392 So.2d 1280, 1284 (1981). Furthermore, we are not convinced that the claimed newly discovered evidence would "probably change the result if a new trial" were granted. In addition, the evidence is in the nature of impeaching as well as cumulative evidence. The whole matter was one addressed largely to the sound discretion of the trial court, which we cannot say was abused in the instant case. Lassiter v. State,38 Ala. App. 287, 83 So.2d 365 (1955), cert. denied, 263 Ala. 618, 83 So.2d 369; Watson v. State, Ala. Cr. App., 389 So.2d 961
(1980); Hewitt v. State, Ala. Cr. App., 389 So.2d 157.
The court was not in error in overruling defendant's motion for a new trial. A jury issue was presented as to the guilt of the defendant of the crime of which he was found guilty. There is no error in the record prejudicial to defendant, and the judgment of the trial court should be affirmed. *Page 1220 
The foregoing opinion was prepared by Retired Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under the provisions of § 6.10 of the Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court. The judgment of the trial court is hereby
AFFIRMED.
All the Judges concur.