Roger Eaton was indicted by a Dallas County grand jury for robbery in the first degree. Upon trial, he was convicted of the lesser included offense of robbery in the second degree and was sentenced under the Habitual Felony Offender Act to life imprisonment. Hence this appeal.
Mr. Elton McGaha, the owner of Foodland, a grocery store in Selma, returned to his store on May 26, 1980, at about 8:00 P.M. after having closed it some two hours earlier. After he entered the store, he went to the office located in the front portion of the building and, upon opening the door, was "jumped by two black males." After they "scuffled," Mr. McGaha was taken by the two to the back of the store where he noticed the presence of a third individual. Mr. McGaha's watch and billfold were taken from him by the trio, and he was then carried to the office area in the front portion of the store. On the way to the front, he was struck on the head by one of them. Mr. McGaha was forced to open the store safe, which contained about $3,000. The intruders tied a jacket around Mr. McGaha's head and tied him to the office desk; he was warned not to move or try to escape under threat of being killed. He extricated himself after about five or ten minutes and called the police.
Mr. McGaha could not identify the "two black males" who jumped him or the third individual, and could not identify appellant as one of the robbers.
Based on information from a confidential informant and "four other individuals," Captain Bobo of the Selma Police Department caused the issuance of a warrant for appellant's arrest. After his arrest, appellant gave a statement to the police officers admitting his involvement in the robbery.
 I
Appellant urges that his inculpatory statement should have been excluded on his timely motions because (1) the arrest was illegal, (2) the statement was not voluntarily made, and (3) the corpus delicti was not proved.
The issue of the validity of the arrest warrant, i.e., the claim that the arrest warrant was not issued on the basis of probable cause, thus causing the arrest to be illegal, was not preserved for appellate review. Neither the arrest warrant nor any of the supporting documents appear in the record, nor is there any indication that either side attempted to introduce them. Additionally, that issue was not raised in appellant's motion to suppress; therefore, there was no hearing on the matter. The rule is well settled that appellate review is limited to matters appearing in the record, *Page 354 Conner v. State, 382 So.2d 601 (Ala.Cr.App. 1980), cert.denied, 382 So.2d 605 (Ala. 1980), and authorities cited therein. No adverse ruling on the validity of the arrest warrant was preserved for review. However, we do note in passing that the testimony of Captain Bobo would, in our opinion, readily support sufficient corroboration of appellant's involvement in the robbery.
The "involuntariness" of appellant's inculpatory statement is hinged on the theory that he was so intoxicated at the time that he was not conscious of the meaning of his words. The evidence fails to give credence to this theory. The evidence is clear that appellant had consumed a quantity of alcohol the preceding night, but there is a conflict in the evidence as to the degree, if any, of appellant's intoxication at or about the time of the inculpatory statement. Certainly, except for appellant's testimony, there was no evidence of the degree of intoxication which would have rendered the statement inadmissible. Intoxication, short of mania or such impairment of the will and mind as to make an individual unconscious of the meaning of his words, will not render a statement or confession inadmissible. Tice v. State, 386 So.2d 1180
(Ala.Cr.App. 1980), writ denied, Ex parte Tice, 386 So.2d 1187
(Ala. 1980), and authorities cited therein.
The corpus delicti was clearly established by the testimony of the victim, Mr. McGaha, who established all the elements of the offense of robbery, and by the testimony of witness Inez Wood, implicating the appellant — her basis for the information being the appellant himself.
We find no error in the trial court's ruling on the admissibility of appellant's inculpatory statement.
 II
Appellant urges that the testimony of witness Inez Wood constituted a violation of a privileged communication between husband and wife. The thrust of this contention is that there existed a common law marriage relationship between the appellant and the witness, thus requiring that the witness be informed of her right not to testify. We agree that such is the state of the law; however, the evidence fails in great measure to support appellant's contention of the existence of a common law marriage. In fact, the witness in her testimony denied that they ever held themselves out as man and wife, in spite of the fact that they "lived together" at one time and she had two children by appellant. Obviously, the relationship did not ripen into a common law marriage. A common law marriage must rest on the mutual consent of the parties to it, a mutual agreement to be husband and wife, followed by cohabitation and living together as husband and wife. O'Dell v. O'Dell,57 Ala. App. 185, 326 So.2d 747 (Ala.Civ.App. 1976), and authorities cited therein.
The trial court correctly denied appellant's motion to exclude the testimony of witness Inez Wood.
 III
Lastly, appellant contends that he was improperly sentenced under the Alabama Habitual Felony Offender Statute, § 13A-5-9, Ala. Code 1975. The basis of the contention is that (1) there was no proof that the previous convictions constituted more than one offense, and (2) there was no proof concerning the prior offenses that the appellant either was represented by counsel or had waived assistance of counsel. The certified copies of the judgment entries, presented into evidence by the State at the sentence hearing and included as a part of the record in this case, affirmatively refute both of appellant's contentions. Even though the appellant was sentenced on all three charges on the same day and the sentences were all concurrent, the judgment entries reveal that they were separate offenses and the appellant was represented by counsel as to each offense. Appellant was properly sentenced as a habitual offender.
The judgment of the trial court is due to be, and is hereby, affirmed.
AFFIRMED.
All the Judges concur. *Page 829