The appellant, Eddie L. Riggins, was convicted by a Russell County jury for unlawfully possessing marijuana in violation of Ala. Code § 20-2-70 (1975). The appellant was given notice by the District Attorney of an intention to proceed under the Habitual Offender Act. On July 8, 1982, the appellant appeared for sentencing, and, following proof of three prior convictions, the court sentenced the appellant to a term of fifteen years.
The appellant presents two issues for review. First, the appellant contends that the state failed to establish that he was in possession of the controlled substance. Second, the appellant claims that the trial court erred in allowing the admission of evidence which "had been altered from the way it was presented to the state toxicology laboratory."
 I
The facts of this case indicate that on December 11, 1981, police officers executed a search warrant on an apartment in Phenix City. Testimony by Abraham Williams, Jr., an employee of the Phenix City Housing Authority, established that the apartment was occupied by the appellant, his wife and daughter on December 11, 1981. However, when the search warrant was served, the appellant, as well as Lonnie Williams and 2 or 3 unidentified individuals were actually in the apartment.
When the police arrived at the appellant's apartment to execute the search warrant, Officer Carey went to the back door outside the kitchen and waited. When other officers knocked on the front door, Officer Carey heard noises coming from the kitchen. She heard low voices and understood the words, "Take this and. . . ." Immediately after hearing these words, Williams opened the back door, and Officer Carey directed him back inside.
Inside the apartment officers found marijuana on Lonnie Williams. No marijuana was found on the appellant. A small quantity of marijuana was found on the top surface of the kitchen table.
The marijuana which was found on Williams and that which was found on the kitchen table top in appellant's apartment was transported to the toxicology laboratory for analysis. Mr. Taylor Noggle of the Alabama Department of Forensic Sciences received the material and tested it. From his analysis, Mr. Noggle concluded that the submitted material was marijuana. He then resealed the envelopes and stored them in locked drawers.
On the day of the trial, Mr. Noggle discovered that mice had eaten some of the marijuana seeds. The appellant objected to the admission of the marijuana, but it was received by the trial court.
The appellant's contention that the prosecution failed to prove any degree of possession of the marijuana is without merit. In his brief, the appellant argues that his mere presence will not support a conviction of possession of marijuana. We agree. However, as the Alabama Supreme Court inRadke v. State, 292 Ala. 290, 293 So.2d 314 (1974), stated:
 ". . . when the presence of the accused at the scene is established and evidence of his knowledge of the presence of the prohibited substance is shown, along with any other incriminating evidence, the issue of the defendant's guilt should be submitted to the jury."
The law of the State of Alabama recognizes two types of possession which may be the basis of a conviction for the possession of a controlled substance. The *Page 633 
appellant contends in his brief that "for unlawful possession of controlled substances it is not necessary to prove manucaption, but constructive possession may be shown." Again, we agree. Daniels v. State, 49 Ala. App. 654, 275 So.2d 169
(1973), Easley v. State, 56 Ala. App. 102, 319 So.2d 721 (1975), and Van Nostrand v. State, 56 Ala. App. 141, 319 So.2d 760
(1975).
In this case, the prosecution did not rely upon the mere presence of the defendant to establish his possession of the controlled substance. Without question, the defendant was present at the apartment where the controlled substance was found on the date on which it was found. A quantity of marijuana was found on the person of Lonnie Williams, but he testified that the defendant had possession of the marijuana at the apartment before Williams arrived and that upon the arrival of the police the defendant told him to take the marijuana and leave. Mr. Williams's testimony is corroborated in part by the words which Officer Carey heard before Mr. Williams exited the apartment. In addition to all of these factors, there was marijuana found on the kitchen table in the defendant's apartment. All of these facts taken together provide a sufficient basis for the submission of this cause to the jury and for the jury's conclusion that the defendant did possess the controlled substance.
 II
The appellant's second contention is that the court erred in allowing the admission of the marijuana at the trial after the marijuana had been altered from the way it was presented to the State Toxicology Laboratory. The appellant cites no cases which address this point. Instead, he claims that his rights under the Fifth Amendment of the U.S. Constitution and under Article I, § 6, of the Constitution of the State of Alabama were violated. The appellant contends that:
 ". . . his right to a fair trial has been violated because the jury was able to review and consider evidence that had been altered and was not in its original form at the trial before a jury of peers. Appellant would maintain that the evidence in its tainted and altered state should have been excluded at his trial and therefore, he was deprived of a fair trial and was not afforded due process of law that he was entitled [to] under the basic tenets of our laws."
We cannot agree with the appellant's contention. The evidence in this cause shows that the marijuana was presented to the State Toxicology Laboratory and was tested prior to mice invading the container in which the marijuana was held. The toxicologist had tested the substance and reached his conclusion that it was marijuana prior to any invasion of the container by mice. There is no evidence in this cause that mice added anything to the container. In fact, the evidence does not indicate that the marijuana presented to the jury was anything other than the marijuana which the officers had presented to the toxicologist and from which mice had removed a few seeds.
This court has previously discussed the importance of a chain of custody to show "a reasonable probability there has been no tampering with the item of evidence." Congo v. State,409 So.2d 475 (Ala.Cr.App. 1981). In this cause the state met the requirement of showing the chain of custody and thereby showed the authority of the evidence as required by our laws. Williamsv. State, 375 So.2d 1257 (Ala.Cr.App.), cert. denied,375 So.2d 1271 (Ala. 1979); Ex Parte Yarber, 375 So.2d 1231 (Ala. 1979).
Although it would be preferable for the state to present the marijuana in the same condition as it was presented to the toxicologist, testing sometimes makes this an impossibility. We recognize that evidence will be altered in some form when chemical tests are administered. Our law does not require that the item remain in the same form at the trial as it was when seized. See Taylor v. State, 372 So.2d 387 (Ala.Cr.App. 1979). In this case the conclusion of the toxicologist as to the substance *Page 634 
delivered to him was not affected by the invasion of mice. Therefore, even though it would have been preferable for the marijuana to have been in exactly the same condition as delivered, the defendant was not prejudiced by the removal of some seeds by mice. Therefore, since the analysis and conclusion of the toxicologist were not affected by the removal of some seeds by mice and since nothing was added to the marijuana, the evidence was properly admitted upon explanation to the court and jury of the total extent of the alteration in the marijuana. See Mauldin v. State, 402 So.2d 1106
(Ala.Cr.App. 1981); Congo v. State, supra.
We have searched the record and have found no error prejudicial to this appellant. Therefore, the judgment of the circuit court is affirmed.
The foregoing opinion was prepared by Honorable LESLIE G. JOHNSON, Circuit Judge, temporarily on duty on the court pursuant to § 12-2-30 (b)(6), Code of Ala. 1975; the court has adopted his opinion as its own.
AFFIRMED.
All the Judges concur.