Billy Wayne Waldrop was convicted in Talladega County of attempted murder and *Page 491 
sentenced as a habitual offender to life imprisonment without parole. Waldrop and the victim, Ray Anthony Thompson, were both inmates in the Talladega County Jail. Thompson was a trustee with the duty of washing clothes for the other inmates.
A disagreement arose regarding doing the laundry, and the appellant told Thompson ". . . I'm going to kill you." Waldrop subsequently told him he would kill both Thompson and his mother. The appellant stated to the sheriff and other officers, "I am going to kill that goddamned little nigger." The sheriff said, "Who?" Appellant replied, "Reject." "Reject", it appears, is Thompson's nickname.
One week after the incident, the jail inmates were in the exercise yard. Thompson felt something touch his neck from behind. He turned around and saw the appellant with a knife. Appellant struck or swung at Thompson twice around the stomach area, cutting Thompson's coat. As Thompson started backing away, one of the officers assigned to guard the prisoners in the exercise yard, said that he saw: "Reject . . . backing up towards, like he was trying to get back, you know, to the railing. And Billy Wayne was after him with what looked to be a knife." Another guard was summoned and saw the appellant chasing Thompson with a knife in his hand. The officers drew their weapons and forced Thompson to stop and drop his knife. They retrieved the knife. They then noted a small amount of blood on Thompson's neck. The cut was directly above the jugular vein and the carotid artery.
In defense, the appellant called several inmates, all of whom testified that the victim had attacked the appellant with a knife and that the appellant took the knife away from him.
 I
Waldrop contends first that the court erred in overruling his motion to exclude the evidence at the conclusion of the state's case. In light of the testimony recited above, there was ample evidence from which the jury might find appellant guilty and there was certainly sufficient evidence for them to consider.Johnson v. State, 378 So.2d 1164 (Ala.Cr.App.), writ quashed,378 So.2d 1173 (Ala. 1979). There is no merit in this contention.
 II
Appellant next contends that since he presented evidence of self-defense from several of his fellow inmates, the jury's verdict should be reversed. By this contention, appellant apparently seeks to "quantify" the testimony, implying that whoever had the most witnesses should win; this has never been the law. The jurors are the sole judges of the weight and sufficiency of the evidence. They have the right to disbelieve witnesses. They may take into consideration the interest which any witness might have in the outcome of the case. Obviously, they disbelieved the testimony of appellant's witnesses here. This fact does not entitle appellant to a reversal.
 III
Appellant finally contends that his motion for new trial should have been granted. In his motion, appellant claimed that his conviction was based on perjured testimony and that appellant did not learn of the alleged perjury until after his conviction and sentencing.
We find no merit in this issue. The decision whether or not to grant a motion for new trial is within the sound discretion of the trial judges. (see Ala. Digest, Criminal Law, Key No. 1156 (3) and cases cited therein), and we find no evidence whatsoever that the lower court abused that discretion.
A witness, Lindbergh Adair, who testified for the prosecution, was called at the hearing on motion for new trial. At that time, the appellant undertook to make it appear that the witness had been promised his freedom in exchange for his perjured testimony against the appellant. The testimony of this witness in the record is at *Page 492 
variance with his testimony as stated in appellant's brief, as correctly pointed out in appellee's brief. There is no believable evidence indicating that the prosecution knowingly offered perjured testimony. The motion for new trial, therefore, was due to be denied. Summers v. State,366 So.2d 336 (Ala.Cr.App. 1978), writ denied, 366 So.2d 346 (Ala. 1979).
This conviction is affirmed.
AFFIRMED.
All the Judges concur.