TYSON, Judge.
A.K. was adjudged a delinquent child by the Walker County Juvenile Court following an adjudicatory hearing on a petition charging him with possessing, selling, furnishing, giving away, or obtaining codeine phosphate in violation of the Alabama Uniform Controlled Substances Act.
I
The appellant first contends that the trial court erred by failing to grant his motion to dismiss for failure to file a complaint. The appellant alleges that the State failed to comply with the requirements of Rule 12 of the Alabama Rules of Juvenile Procedure because no document specifically entitled “Complaint” was filed. The record reveals that Larry Banks of the Walker County Board of Education signed the petition, alleging that “within 12 months before the filing of this petition in Walker County, Alabama, A.K. did possess, sell, furnish, give away or obtain codeine phosphate, a schedule III drug, in violation of the Alabama Uniform Controlled Substances Act.” The petition was sworn to and subscribed by Larry Banks in the presence of the juvenile intake officer. The information in the petition alleged “facts sufficient to establish the jurisdiction of the court and the delinquency, dependency or in need of supervision of the child.” A.R.J.P. 12(A). The complaint was made by a person with knowledge of the facts. See A.R.J.P. 12(A). The rules do not require a formal “complaint”, nor do they require that a complaint even be made in writing. See Shedd v. State, 505 So.2d 1306, 1307 (Ala.Crim.App.1987) (“[t]he form of the complaint in a juvenile matter is not governed by the Code of Alabama or by A.R.J.P.”), The requirements of the rule were met in this case and the appellant has failed to show that he was denied his right to procedural due process. Furthermore, the appellant’s argument that the intake officer failed to conduct a preliminary inquiry pursuant to A.R.J.P. 12(B) likewise has no merit, as the record clearly indicates that such an inquiry was conducted.
II
The appellant next contends that the trial court erred in denying his “Motion for Evidentiary Hearing/Motion for Acquittal”, which was filed approximately five months prior to the adjudicatory hearing. The motion alleged that the appellant was not guilty and that the State had no evidence that the pill found in the appellant’s possession was a controlled substance. The appellant then asked the court for an “evidentiary hearing to show why said cause should not be dismissed.” (C.R. 5). The appellant argues that the motion should have been granted because, at the time of the motion hearing, the State had not yet received a report from the Alabama Department of Forensic Sciences verifying the contents of the pill.
The appellant cites no legal authority to support this contention and, therefore, this Court is not obligated to consider this argument on appeal. Vinzant v. State, 462 So.2d 1037 (Ala.Crim.App.1984); Johnson v. State, 500 So.2d 494 (Ala.Crim.App.1986). Even if there were authority for such a motion, there is no record of the hearing and this court’s review is restricted to matters contained in the record. Fuller v. State, 472 So.2d 452 (Ala.Crim.App.1985); Moore v. State, 457 So.2d 981 (Ala.Crim.App.1984), cert. denied, 470 U.S. 1053, 105 S.Ct. 1757, 84 L.Ed.2d 820 (1985); Hollins v. State, 415 So.2d 1249 (Ala.Crim.App.1982).
*612 III
The appellant argues that the trial court erred to reversal by restricting his cross-examination of one of the State’s witnesses. The range and extent of cross-examination is addressed to the sound discretion of the trial court and the trial court’s determination will not be reversed absent a clear abuse of discretion. Wesley v. State, 481 So.2d 1163 (Ala.Crim.App.), rev’d on other grounds, 481 So.2d 1162 (Ala.1985); Blackmon v. State, 449 So.2d 1264 (Ala.Crim.App.1984); Renfroe v. State, 382 So.2d 627 (Ala.Crim.App.), writ denied, 382 So.2d 632 (Ala.1980).
A careful review of the record reveals that the trial court did not abuse its discretion. The witness had already answered the question and the question was merely repetitive. Wright v. State, 49 Ala.App. 539, 274 So.2d 95 (1973) and cases therein cited.
Furthermore, this issue was not properly preserved for appeal because the appellant’s counsel failed to make an offer of proof. Baker v. State, 477 So.2d 496 (Ala.Crim.App.1985); Gwin v. State, 425 So.2d 500 (Ala.Crim.App.1982), writ quashed, 425 So.2d 510 (Ala.1983).
IV
The appellant argues that the court erred in admitting two notes into evidence that were found in the appellant’s gym bag immediately after the offense. The record reveals that the notes were initially admitted simply as notes that were found in the appellant’s gym bag. The appellant later testified that he had written note # 1, but said that he did not recognize the second note. At that point, the judge stated that the second note would not be considered as evidence. The note admitted into evidence stated, “Yo, its like this. I don’t know what time I’ll be down Saturday, but we still are going to do it up [arrow pointing to Saturday]. Do you have anything? I don’t think Bonehead is going with us, so we can pick up some Worb girls.” (R. 93).
“A statement by the accused, before the time of the alleged criminal act, asserting a design or emotion in him which points to his guilt is admissible against him as an admission.” C. Gamble, McElroy’s Alabama Evidence, § 264.01 (3d ed. 1977). See also Smith v. State, 513 So.2d 1036 (Ala.Crim.App.1987); Smoot v. State, 381 So.2d 668 (Ala.Crim.App.1980). The note was written by the appellant and pointed to his guilt. Therefore, it was properly admitted. Although the appellant testified that the note was written a year earlier, such testimony went to the weight and not the admissibility of the evidence. Even if the notes had been improperly admitted in the first instance the appellant has failed to show that such admission probably injuriously affected his substantial rights. A.R. A.P. 45.
V
The appellant also argues that the court erred by sustaining the State’s objection to testimony concerning the appellant’s reputation for telling the truth. The court properly sustained the State’s objections to the following questions which were asked of the appellant’s mother: “Do you know A’s general reputation for telling the truth?”; “Do you have reason to know of his general reputation in the community for telling the truth?”; and, “Do you know of his characteristics for honesty and dishonesty?” (R. 59-60). At the time these questions were asked, the appellant had not testified. The appellant argues that both this ruling and the court’s statement that the appellant could not call the witness to bolster the appellant’s testimony constituted error.
A defendant in a criminal case may place his character before the factfinder in two ways: “(1) he is entitled to prove his good moral character as a whole (without restriction to any particular trait) and (2) he is entitled to prove his good general character with respect to a specific trait which is involved in the offense for which he is charged.” McElroy at § 27.01(2). The appellant attempted to put in evidence of his character for truth and veracity rather than his good moral character as a whole. *613 Furthermore, truth and veracity are not specific traits which are relevant to the offense charged. An accused is not entitled to offer evidence of his good character for truth and veracity to bolster his own testimony. Traweek v. State, 380 So.2d 946 (Ala.Crim.App.1979), rev’d on other grounds. “A witness’ good character is not provable to support his credibility unless he has been impeached in a way which authorizes proof of such character. This rule is applicable whether the witness is or is not a party to the action.” McElroy at § 176.01(2). At the time this testimony was offered, the appellant had not taken the stand nor had his character been impeached in a way which authorized proof of his character for truth and veracity. The trial court did not err in excluding this testimony.
VI
Included in the record on appeal before this court are copies of the oral depositions of five witnesses which were taken by the special prosecutor prior to the delinquency hearing in this cause. There is no indication in this record as to why these depositions were included in the record on appeal. These depositions were not introduced or admitted into evidence in this case nor were they filed with the court for any purpose which can be determined by this record on appeal. There is no motion to depose in this record.
The appellant contends on appeal that error occurred because he never received notice that these depositions were to be taken.[1]
We are unable to address this issue because this matter was never brought to the attention of the trial court and no ruling was obtained and, therefore, there is nothing before this court to review. Johnson v. State, 480 So.2d 14 (Ala.Crim.App.), cert. denied, (Ala.1985); Sanders v. State, 426 So.2d 497 (Ala.Crim.App.1982), cert. denied, (Ala.1983).
“Our review is limited to matters on which rulings' have been invoked at the trial court.” Moore v. State, 457 So.2d 981 (Ala.Crim.App.), cert. denied, (Ala.1984). This court “will not consider matters not submitted at trial and which are therefore outside the record of the proceedings.” Tatum v. State, 405 So.2d 951, 952 (Ala.Crim.App.1981).
The appellant asserts in brief that he was unaware that these depositions had been taken until he received his copy of the completed record on appeal. There is no indication in the record as to whether the appellant received notice of the taking of these depositions and no evidence as to when the appellant became aware of the existence of these depositions.
This court is bound by this record and not by allegations in brief as to circumstances not reflected by the appellate record. Miles v. State, 366 So.2d 346 (Ala.Crim.App.1978); Moore. “This court cannot resort to speculation as to matters not presented in the trial record. We are confined to the review of facts ascertainable from the record.” Trest v. State, 409 So.2d 906 (Ala.Crim.App.1981), cert. denied, (Ala.1982).
Thus, this issue has not been properly preserved for our review.
VII
The appellant finally argues that his commitment to the Department of Youth Services was excessive and constituted an abuse of discretion. The appellant again fails to cite any legal authority to support his contention. See Vinzant, Johnson. Furthermore, this issue was not properly preserved for review because the appellant failed to object to the sentence at the trial court level. Faircloth v. State, 471 So.2d 485 (Ala.Crim.App.), aff'd, 471 So.2d 493 (Ala.1984).
In view of our discussion above, this cause is due to be and is, hereby, affirmed.
AFFIRMED.
*614 All the Judges concur.
TAYLOR, P.J., concurs in result only.

. Sections 12-21-260 through 262 provide that, when the State seeks to depose a witness, the defendant must be notified and his consent to the depositions must be obtained. These statutes also delineate the circumstances under which the State may take a deposition in a criminal case.