McMILLAN, Judge.
The appellant, Ray Thomas Ricketson, was found guilty of trafficking in cocaine and of trafficking in marijuana. He was sentenced to consecutive terms of 15 years’ imprisonment on each conviction, with 3 years’ imprisonment mandatory. Evidence at trial tended to show that, on September 18, 1998, June Ricketson, the ex-wife of the appellant, picked up a package at the Equality, Alabama, post office; the package was addressed to “Ray Rick-etson.” Before the package arrived, postal inspectors in Montgomery had been advised that the package might contain illegal drugs. They had obtained a search warrant, had searched the package, and had found marijuana and cocaine inside. They resealed the package and placed it back into the mail. Agents watched Mrs. Ricketson drive home with the package; she left it in the van. They watched the appellant later remove the package from *982 the van, place it in a pontoon boat in the yard, and cover it with a tarpaulin.[1] The agents then executed a previously obtained search warrant and retrieved the package from the boat. They also found small amounts of marijuana in a freezer and on a table inside the house. The total weight of the marijuana found in the boat and in the house was in excess of 5 pounds, and the weight of the cocaine was 99.9 grams.
I. and II.
The appellant first contends that the weight of the evidence did not justify a finding of guilt because, he said, there was no testimony tending to show that he had knowledge that the package was being mailed to him or that he had knowledge of what it contained. He also contends that the trial court erred in denying his motion for a judgment of acquittal because, he says, the elements of the offense were not sufficiently proven. Specifically, he argues that the State failed to prove that he had any knowledge that the package contained illegal drugs.
The offenses of trafficking in marijuana and trafficking in cocaine require proof that a person “knowingly” was “in actual or constructive possession” of more than 2.2 pounds of marijuana and more than 28 grams of cocaine. § 13A-12-231(1) and (2), Ala.Code 1975. Here, neither the appellant nor Mrs. Ricketson was found in actual possession of the illegal substances. Testimony indicated that, although they were divorced, they lived together at the residence where the drugs were recovered.
In order to prove constructive possession, the State must show that the defendant owned or controlled the premises where the drugs were found and that he had knowledge of the presence of the drugs. Marks v. State, 575 So.2d 611 (Ala. Cr.App.1990). When the accused is not in exclusive possession of the premises where contraband is discovered, knowledge may not be inferred unless there are other circumstances tending to buttress this inference. Korreckt v. State, 507 So.2d 558 (Ala.Cr.App.1986). Guilty knowledge may be proved by evidence of acts or conduct of the accused from which such knowledge may fairly be inferred. Donahoo v. State, 505 So.2d 1067 (Ala.Cr.App.1986). It may also be proved by the accused’s declarations, admissions, contradictory statements, and explanations. Germany v. State, 600 So.2d 428 (Ala.Cr.App.1992).
In the present case, agents observed the appellant hide the contraband that had been mailed to him. Although the appellant claimed that he did not know who had sent the package and claimed that he was not expecting such a package, he did not store it in his house or return it to the post office. Furthermore, the State offered evidence that the appellant had previously received similar packages from the same return address as the package at issue here.[2] The appellant admitted in a statement to an Alabama Bureau of Investigation agent that he knew “that there was probably pot in the box” for Arroldo Ser-rato, Jr., a convicted marijuana trafficker, although he claimed that “[i]t was not for me except for what I was gonna [buy from him and] smoke.”[3]
The evidence offered by the State was sufficient to allow a fair inference that the appellant knew of the presence of the contraband in the package that was mailed to him. With regard to the weight of the evidence, the jurors are the sole judges and can reject witness testimony if they chose. Waldrop v. State, 448 So.2d 490 *983 (Ala.Cr.App.1984). Here, the jury obviously did not believe the appellant’s testimony that he did not know what was in the package because he did not open it.
III.
The appellant contends that his trial counsel was ineffective in not “aggressively attacking the search warrants.” However, a review of the record reveals that this claim was not raised at the trial-court level. This court will not consider a claim raised for the first time on appeal. Eastland v. State, 677 So.2d 1275 (Ala.Cr. App.1996).
IV.
It appears from the record that the penalties prescribed under the Demand Reduction Assessment Act, § 13A-12-280, Ala.Code 1975, and under § 13A-12-290, Ala.Code 1975, with regard to the appellant’s driver’s license, were not specifically set out in the present case.[4] Therefore, this cause must be remanded to the trial court, in order for that court to impose or suspend the applicable monetary assessment and to suspend or delay the issuance or reinstatement of the appellant’s driver’s license. A return should be filed with this court within 45 days of the release of this opinion.
REMANDED WITH INSTRUCTIONS.*
LONG, P.J., and COBB, BASCHAB, and FRY, JJ., concur.

. Mrs. Ricketson watched the appellant place the package into the boat. She was tried as a codefendant and was found guilty of possession of marijuana in the first degree.

. The appellant’s wife picked up a package addressed to "Rick Ricketson’’ in July 1998 and a package addressed to "Ray Robertson” in April 1998.

.Serrato arrived at the appellant's residence while the search was in progress. At trial, he testified that he did not have a package mailed to him or ask the appellant or his wife to receive a package for him.

. The trial court prescribed fines of $25,000 for the trafficking-in-cannabis conviction and $50,000 for the trafficking-in-cocaine conviction and ordered the appellant to pay court costs and attorneys’ fees. Although the court noted in its oral order, "There’s some mandatory assessments, I’m sure, besides the standard ... applicable to you, but that will be taxed as costs,” the applicable assessments and penalties were not specified orally or in the written order.

 Note from the reporter of decisions: On March 24, 2000, on return to remand, the Court of Criminal Appeals affirmed, without opinion.